**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

FEDERAL HOME LOAN
MORTGAGE CORPORATION,

    *Plaintiff*,

FEDERAL HOUSING FINANCE
AGENCY,

    *Intervenor Plaintiff,*        CASE NO. 13-CV-13753

v.                                      DISTRICT JUDGE THOMAS L. LUDINGTON
                                        MAGISTRATE JUDGE CHARLES BINDER

NITIN M. AMERSEY, and
ALL OTHER OCCUPANTS,

    *Defendants and Third-Party Plaintiffs,*

v.

OCWEN LOAN SERVICING, LLC,

    *Third-party Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

    For the reasons set forth below, **IT IS RECOMMENDED** that the case be **REMANDED** to state court.

**II.    REPORT**

    **A.    Introduction**

    This eviction action was removed to this Court by Plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac") on September 3, 2013. By order of U.S. District Judge Thomas L.

Ludington, the case was referred to the undersigned magistrate judge for pretrial case management on September 5, 2013. (Doc. 2.) The Notice of Removal indicates that Plaintiff originally filed the complaint in the 70th Judicial District Court for the State of Michigan on May 29, 2013, "seeking possession of real property in the Township of Thomas, County of Saginaw" via eviction of Defendant Nitin M. Amersey ("Amersey"). (Doc. 1 ¶ 1.) As authority for removal, Plaintiff cites the act of congress which organized and chartered Freddie Mac, i.e., the Federal Home Loan Mortgage Corporation Act. 12 U.S.C. § 1452(f).

### B.     Analysis

Federal courts are under an independent obligation to examine their own jurisdiction. *United States v. Hays*, 515 U.S. 737, 742, 115 S. Ct. 2431, 132 L. Ed. 2d 635 (1995). Rule 12 of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The federal statute authorizing removal of civil actions provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal statutes are to be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada*

(*Europe*), *Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

Generally, only defendants may remove cases to federal courts. *U.S. Bank Nat'l Ass'n v. Adams*, 727 F. Supp. 2d 640, 643 n.2 (N.D. Ohio 2010) (defendant means original defendant and does not include a defendant to a counterclaim). The burden is on the removing defendant to show that removal is proper. *Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055 (6th Cir. 2008). I suggest that Plaintiff Freddie Mac has not met its burden to show that removal is proper.

In the instant case, the removing party, Freddie Mac, is not a defendant. Plaintiff Freddie Mac asserts that removal is nonetheless proper because of the plain language in the statute which created Freddie Mac, which states, in its entirety:

> (f) Actions by and against the Corporation; jurisdiction; removal of actions; attachment or execution issued against the Corporation
>
> Notwithstanding section 1349 of Title 28 or any other provision of law,
>
> (1) the Corporation shall be deemed to be an agency included in sections 1345 and 1442 of such Title 28;
>
> (2) all civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value, and
>
> (3) any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party may at any time before the trial thereof be removed by the Corporation, without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending, or, if there is no such district court, to the district court of the United States for the district in which the principal office of the Corporation is located, by following any procedures for removal of causes in effect at the time of such removal.

12 U.S.C. § 1452.

I first note that the chartering statute does squarely change the timing for Freddie Mac to remove cases from the 30-day period in the general removal statute, 28 U.S.C. §1441(a), to "any time before trial." This timing change is not a fundamentally conflicting shift in the manner in which removal generally occurs, as allowing plaintiffs to remove would be.

Plaintiff Freddie Mac contends that its ability to remove as a plaintiff is plainly expressed by the statute by emphasizing the statutory language to provide, "[a]ctions *by* and against the Corporation . . . any civil or other action, case or controversy in a court of a State . . . to which the Corporation is a *party* may at any time before the trial thereof be removed by the Corporation . . . ." 12 U.S.C. § 1452(f) (emphasis supplied). Since an action *by* Freddie Mac would be one where Freddie Mac would be the plaintiff, and since the statute indicates that in any case where Freddie Mac is a party as opposed to a defendant, and because the statute uses "party" instead of "defendant," Freddie Mac concludes that it may properly remove a case to federal court regardless of whether it is a plaintiff or a defendant. Freddie Mac is not alone in this conclusion.

Several federal district courts outside of this jurisdiction have concluded that Freddie Mac may remove a case to federal court regardless of whether Freddie Mac is the plaintiff or the defendant. *See, e.g., Freddie Mac v. Brooks*, No. 3:11cv313-WHA, 2011 WL 2619132, at *2 (M.D. Ala. July 1, 2011) (the "plain language of § 1452(f), especially when considered in contrast to § 1441(a), the general removal statute, indicates that Freddie Mac need not be a defendant to remove a case to federal court") (citing *Fed. Home Loan Mortg. Corp. v. D'Antonio*, No. 94-287, 1994 WL 117789, at *1 n.1 (E.D. La. Mar. 30, 1994)).

However, I suggest that these cases are not binding and that the cursory analysis in these cases is not persuasive. I note that allowing Freddie Mac to remove cases from state to federal court even as a plaintiff is to interpret Freddie Mac's chartering statute, 12 U.S.C. § 1452, as an

4

amendment of the long-standing statutory principle governing removal of actions from state to federal court, i.e., that only defendants an remove cases. 28 U.S.C. §1441(a).[1] I suggest this construction is not only incongruous but would also violate several basic principles of statutory construction.

First, I suggest that allowing Freddie Mac to remove even when Freddie Mac is the plaintiff renders an absurd result. Plaintiffs choose the forum and the timing of a case, and there are two possible fora, federal or state court. Once a plaintiff makes the choice, he can either continue in that forum or voluntarily dismiss the case in one forum and file in a different forum, assuming the limitations period has not passed.

Defendants, on the other hand, do not have such choices. Defendants cannot choose the forum nor can they voluntarily dismiss a case and refile it somewhere else, as the plaintiffs can. In an attempt to balance the equities, defendants were provided with the ability to remove cases to the federal court in situations where the federal court would have had original jurisdiction over the case had the plaintiff chosen that forum. Removal is therefore reserved for those who did not choose the forum but rather were haled into a forum of the plaintiff's choosing. It would be redundant and I suggest inequitable to supply plaintiff with yet another path to the federal court when plaintiff could have chosen the federal court in the first instance, but for some reason declined to do so. *See Schultz v. General R.V. Center*, 512 F.3d 754, 759 (6th Cir. 2009) (rejecting argument that N.A.D.A. value of an automobile controlled the determination of the value of a car under the Magnuson Moss Warranty Act because, if it did, federal court jurisdiction would depend on the type of vehicle rather than the actual condition of a particular vehicle and "[c]learly,

---

[1] As noted earlier, changing the timing of removal does not present such a fundamentally conflicting change from the general removal statute.

5

Congress could not have intended for such an absurd result when it enacted the MMWA's amount in controversy requirement") (citing *United States v. Turkette*, 452 U.S. 576, 580, 101 S. Ct. 2524, 69 L. Ed.2d 246 (1981) (instructing that statutes should be construed so as to avoid absurd results)). In addition, giving a plaintiff the opportunity to file in state court and then, when unhappy with the result there, to remove the case to federal court has the potential to encourage improper forum or judge shopping.

Furthermore, Plantiff Freddie Mac's purported construction would defy the well-established principle that "'[w]hen there are statutes clearly defining the jurisdiction of the courts the force and effect of such provisions should not be disturbed by a mere implication flowing from subsequent legislation." *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 808, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (failing to ascribe an intent to repeal § 1345 by the McCarran Amendment's language giving consent to jurisdiction in the state courts concurrent with jurisdiction in the federal courts over controversies involving federal rights to the use of water) (quoting *Rosecrans v. United States*, 165 U.S. 257, 262, 17 S. Ct. 302, 41 L. Ed. 708 (1897)). I suggest that Freddie Mac's purported reading based on a cursory implication of the words "by" and "party" would be such an impermissible disturbance and undermining of the well-established principle that only defendants are permitted to remove cases. 28 U.S.C. § 1441.

I further suggest that such construction runs counter to the principle that a "statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153, 96 S. Ct. 1989, 48 L. Ed. 2d 540 (1976). This is especially so where the statutes cover subjects "quite different" from one another. *Id.* at 157 (contrasting Securities Exchange Act, which was enacted to halt securities fraud, and the National Bank Act, which sought to regulate banks). Here, I

suggest that the later statute chartering Freddie Mac should not be read to submerge the earlier and well-founded basic principle that only defendants may remove cases, especially where the topic of removal is so vastly different from the chartering of a corporation.

I further suggest that this conclusion is supported by a more precise reading of the statutory language in 12 U.S.C. § 1452 when compared to the statute creating and chartering the Federal Deposit Insurance Corporation ("FDIC") and the underlying rationales behind the statutes. The FDIC chartering statute provides, in pertinent part:

> (b) Agency authority
>
> (1) Status
>
> The Corporation, in any capacity, shall be an agency of the United States for purposes of section 1345 of Title 28 without regard to whether the Corporation commenced the action.
>
> (2) Federal court jurisdiction
>
> (A) In general
>
> Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.
>
> (B) Removal
>
> Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

12 U.S.C. § 1819.

The FDIC chartering statute places the headings for the subsections right before the text of each subsection, whereas Freddie Mac's chartering statute lists the headings for all the subsections in one place and separates the headings by semicolons. If the headings from the Freddie Mac

statute are moved before the language of each corresponding subsection (as they have been done in the FDIC statute), it is clear that the "[a]ctions by and against the Corporation" is the corresponding heading for subsection (1), which provides that Freddie Mac will be considered an agency for purposes of section 1345 (jurisdiction based on United States as plaintiff) and section 1442 (federal officers or agencies sued or prosecuted). *See* 12 U.S.C. § 1452(f). Following the same pattern, the heading "removal of actions" corresponds to subsection (3), which provides that any civil action "to which the Corporation is a party may at any time before the trial thereof be removed by the Corporation, without the giving of a bond . . . ." *Id.*

I therefore suggest that Plaintiff's cited support for removal improperly attaches the "by or against" language from the heading for subsection (1) to the substantive provisions for removal contained in subsection (3). Instead, I suggest that the logical application of the "by or against" phrase in the heading resides exclusively with the substantive language of subsection (1), which defines Freddie Mac as a federal agency, thereby providing original jurisdiction in federal courts when Freddie Mac is a plaintiff or a defendant. As recognized earlier, based on these statutes read together, Plaintiff Freddie Mac could have filed the instant case in federal court originally had it chosen to do so. Since subsection (1) of section 1452(f) merely applies to and provides original jurisdiction, I suggest that it does not in any way apply to removal questions nor does it support Freddie Mac's purported right to remove as a plaintiff.

Freddie Mac's next asserted basis for its power to remove as a plaintiff stems from subsection (3)'s language itself, which provides for removal before trial in cases where "the Corporation is a party . . . ." 12 U.S.C. § 1452(f)(3). I suggest that this expansive reading of the statute also lacks support in logic and is undercut by the corresponding portions of the FDIC charter.

The corresponding FDIC statute states that the period for removal begins from the time an action is "filed against the Corporation" or where "the Corporation is substituted as a party." 12 U.S.C. § 1452(f). The latter provision – where the FDIC is substituted as a party – "is typically involved when the FDIC, in its receiver capacity, is substituted for a failed bank in litigation – either as plaintiff or defendant. Not surprisingly, courts have held that the filing of a notice of substitution, which makes the FDIC a party to the action, immediately triggers the right to remove[.]" *Allen v. FDIC*, 710 F.3d 978, 981 (9th Cir. 2013); *accord, Village of Oakwood v. State Bank and Trust Co.*, 481 F.3d 364, 368 (6th Cir. 2007). Therefore, courts have held that the FDIC may remove a case to federal court when it has been substituted as either a plaintiff or a defendant for a failed bank. *Id.*[2]

I suggest that this substitution of the FDIC for a failed bank is akin to being haled into court, as defendants are, and is unlike initiating a cause of action, as plaintiffs do. I therefore suggest that this statutory provision and the courts interpretation of it does not offend the rationale behind the general removal statute as Freddie Mac's proposed reading of its chartering statute does. 28 U.S.C. § 1441. I further suggest that the FDIC is in a unique position as a potentially substituted party and receiver for failed banks. There is no equivalent situation involving Freddie Mac and, thus, no concomitant rationale supporting expansion of the right to remove to Freddie Mac when Freddie Mac is a plaintiff who has already chosen a state forum but later desires to seek a better result in federal court through removal.

---

[2]This same rationale also applies after the FDIC has been permitted to intervene based on its supervisory capacity over banks. *Allen*, 710 F.3d at 982-84 (finding the FDIC was not yet a defendant where it had moved to intervene but had not yet been permitted to intervene).

### C.     Conclusion

For all the above reasons, I recommend that the case be remanded to state court as having been improperly removed to this federal court.

### III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                 s/ *Charles E Binder*
                                                 CHARLES E. BINDER
Dated: March 19, 2014                           United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date:  March 19, 2014                             By_____s/Patricia T. Morris_____
                                                                       Law Clerk to Magistrate Judge Binder